```
 1                   UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF IOWA
 2                        CENTRAL DIVISION

 3   _____
                                  )
     UNITED STATES OF AMERICA,     )
 4                                 )   CASE NO. 4:19-cr-76
              Plaintiff,           )
 5                                 )
        vs.                        )   TRANSCRIPT OF
 6                                 )   RESENTENCING PROCEEDINGS
                                   )
 7   TOMMY TATE COLLINS,           )
                                   )
 8            Defendant.           )
 9   _____

                                  COURTROOM 160, FIRST FLOOR
10                                U.S. COURTHOUSE
                                  123 East Walnut Street
11                                Des Moines, Iowa 50309
                                  Thursday, September 15, 2022
12                                1:37 p.m.

13

14   BEFORE:  THE HONORABLE REBECCA GOODGAME EBINGER, DISTRICT JUDGE

15   APPEARANCES:

16   For the Plaintiff:           AMY JENNINGS
                                  United States Attorney's Office
17                                U.S. Courthouse Annex
                                  110 East Court Avenue, Suite 286
18                                Des Moines, IA 50309

19
     For the Defendant:           NICHOLAS SARCONE
20                                Attorney at Law
                                  501 SW Seventh Street, Suite J
21                                Des Moines, IA 50309

22

23
                        Chelsey Wheeler, CSR, RPR, FCRR
24                         United States Courthouse
                             123 East Walnut Street
25                           Des Moines, IA 50309
```

**E X H I B I T S**

| GOVERNMENT'S EXHIBITS | | OFFERED | RECEIVED |
|---|---|---|---|
| 1 | Sealed Exhibit | 6 | 6 |
| 2 | Sealed Exhibit | 6 | 6 |
| 3 | Sealed Exhibit | 6 | 6 |
| 4 | Sealed Exhibit | 6 | 6 |
| 4A | Sealed Exhibit | 6 | 6 |
| 5 | Sealed Exhibit | 6 | 6 |
| 6 | Sealed Exhibit | 6 | 6 |
| 7 | Sealed Exhibit | 6 | 6 |
| 8 | Sealed Exhibit | 6 | 6 |

1                      P R O C E E D I N G S

2              (In open court with the defendant present.)

3              THE COURT:  Thank you.  Please be seated.

4              One moment.

5              Thank you.  You may be seated.

6              We are here in the matter of the United States of

7     America versus Tommy Tate Collins.  This is Case No.

8     4:19-cr-76.  This is the time and date set for resentencing in

9     this matter.  My name is Rebecca Goodgame Ebinger, and I'm the

10    district judge presiding.

11             If counsel would please identify themselves for

12    purposes of the record.

13             MS. JENNINGS:  Amy Jennings for the United States,

14    Your Honor.

15             MR. SARCONE:  Nick Sarcone on behalf of Mr. Collins,

16    Your Honor.

17             THE COURT:  Thank you.

18             Of course, Mr. Collins is here, and we have with us

19    from the United States Probation Office U.S. Probation Officer

20    Cassandra Burrell as well.

21             So the procedural posture here is clear, the

22    defendant -- you recall pleading guilty back some time ago now

23    to the offense listed in Count 20 of the 23-count superseding

24    indictment in this case?

25             THE DEFENDANT:  Yes.

1          THE COURT:  And that was to sex trafficking of a

2    child, in violation of Title 18, United States Code, Section

3    1591(a)(1) and 1591(b)(2).  You were sentenced by the district

4    court, appealed that sentence, and the Eighth Circuit remanded

5    it to this Court for the Court to proceed consistent with that

6    opinion.

7          The defense pursued a motion to withdraw plea, which

8    the Court denied in Document No. 687 on August 4.

9          We're here today now on resentencing in this matter

10   consistent with the Eighth Circuit's opinion.

11         Do you understand that, Mr. Collins?

12         THE DEFENDANT:  Yes, ma'am.

13         THE COURT:  Before I proceed with the hearing, I need

14   to ensure that you're fully able to participate.

15         Are you currently under the influence of alcohol?

16         THE DEFENDANT:  No, ma'am.

17         THE COURT:  Are you under the influence of any illegal

18   substances?

19         THE DEFENDANT:  No, ma'am.

20         THE COURT:  Are you taking any prescription

21   medications?

22         THE DEFENDANT:  No, ma'am.

23         THE COURT:  Are you suffering from any mental health

24   or physical illness or ailment that would cause you to be

25   unable to understand or participate in this hearing?

1              THE DEFENDANT:  No, ma'am.

2              THE COURT:  If at any time during this hearing,

3    Mr. Collins, you do not understand something I say or you have

4    a question, would you please stop me and let me know?

5              THE DEFENDANT:  Yes, ma'am.

6              THE COURT:  The most important thing is that you

7    understand the proceedings.

8              THE DEFENDANT:  Yes, ma'am.

9              THE COURT:  In anticipation of this hearing, the

10   United States Probation Office drafted a new presentence

11   investigation report.  They did not change the substantive

12   aspects of the report, but they did change the calculation.  I

13   have reviewed that report, and we'll talk about that more

14   momentarily.

15             I have received the defendant's brief for

16   resentencing, which included some objections to those

17   materials.  I received an original resentencing brief from the

18   Government and then a supplemental resentencing brief by the

19   Government.  That had a total of eight proposed exhibits.  I

20   have reviewed all of that material.  I reviewed the plea

21   agreement in this case and the docket as a whole and obviously

22   the Eighth Circuit opinion.

23             Are there any other materials that need to be brought

24   to my attention at this time?

25             MS. JENNINGS:  No, Your Honor.

1          THE COURT:  Mr. Sarcone?

2          MR. SARCONE:  No, Your Honor.

3          THE COURT:  Okay.  Mr. Sarcone, do you have any

4  objection to Government's Exhibits 1 through 8?

5          MR. SARCONE:  I don't believe I have a basis to object

6  to them since this is a sentencing hearing, Your Honor, so no.

7          THE COURT:  Thank you.

8          So 1 through 8 are admitted.  Those that are currently

9  under seal will remain under seal consistent with that prior

10  designation.

11          Any objection to that sealing, Mr. Sarcone?

12          MR. SARCONE:  No objection, Your Honor.

13          THE COURT:  Thank you.

14          So let's turn our attention -- if I didn't say it, 1

15  through 8 are admitted.  I did say that.

16          Let's talk about the presentence investigation report.

17  The first thing I would like to note is that the Government did

18  not resist the objected to paragraphs in paragraphs 34 through

19  40, and I will not consider those paragraphs in any way.

20          Although not specifically objected to, I also will not

21  consider the information contained in footnote 3 which

22  references that subsequent discussion of the acceptance of

23  responsibility and obstruction of justice.  So footnote 3 will

24  also be disregarded by the Court, and the judgment will reflect

25  that as well.

1        With those corrections to the presentence

2   investigation report, does the Government have any outstanding

3   factual objections to the report?

4        MS. JENNINGS:  No, Your Honor.

5        THE COURT:  Mr. Sarcone, have you and your client had

6   the opportunity to review the presentence investigation report

7   in this -- the newly prepared presentence investigation report

8   in this case?

9        MR. SARCONE:  Yes, Your Honor.  We reviewed that over

10  a videoconference with Mr. Collins at the Polk County Jail.

11        THE COURT:  And after that review, understanding the

12  Court's correction to the paragraphs that are implicated by the

13  Eighth Circuit opinion, do you maintain any factual objections

14  to the report?

15        MR. SARCONE:  Yes, Your Honor.  Your Honor, I spoke

16  with Mr. Collins just before the hearing started regarding the

17  other factual objections that are contained in our sentencing

18  brief, I guess.  It is Mr. Collins's wish that I maintain those

19  objections to the presentence report.

20        I would like to clarify as to our objections to

21  paragraphs 32 and 33 of the report.  I am not at this time -- I

22  just want to be clear -- alleging any breach of the plea

23  agreement.  In fact, it's not entirely clear to me that the

24  facts within those paragraphs would support any sort of

25  enhancement, but I did put that in there out of an abundance of

1  caution.

2          But to the extent that, you know, the facts of those

3  paragraphs would not support any enhancement, then I just want

4  to be clear that I'm not alleging that the Government has

5  breached the plea agreement in any way, shape, or form.

6          THE COURT:  So I went back -- in reference to those

7  specific objections, I went back and looked at the plea

8  agreement closely to see what there could be that would be

9  grounds for those objections, and there is not any discussion

10  about limiting evidence in regards to 3553(a) conduct.

11          The only limitation -- and I think this was born out

12  in the Eighth Circuit opinion -- was a limitation as to the way

13  that the guidelines should be applied and the parties

14  stipulating and recommending that neither an upward nor a

15  downward adjustment be applied under 3C1.1.  The information

16  contained in paragraphs 32 and 33 is not being relied upon that

17  I've seen for purposes of a 3C1.1 adjustment.

18          You would agree?

19          MR. SARCONE:  I would agree with that, Your Honor.

20          THE COURT:  So other than that usage, you agree those

21  facts are permitted to be considered by the Court?

22          MR. SARCONE:  We still maintain our factual objection

23  to the facts of that -- of those paragraphs.

24          THE COURT:  Even paragraph 33?

25          MR. SARCONE:  Not paragraph 33.

1          THE COURT:  You agree that paragraph 33 can be

2     considered except for the purpose of the Government relying

3     upon it for a 3C1.1 adjustment?

4          MR. SARCONE:  I believe, Your Honor, based on my

5     conversation with Mr. Collins prior to the start of the

6     hearing, that we would maintain a factual objection to

7     paragraph 33, to the facts in paragraph 33.

8          THE COURT:  Okay.  And the same is true of 32?

9          MR. SARCONE:  That is correct, Your Honor, to the --

10          THE COURT:  So I looked at your presentence

11     investigation report -- excuse me.  I looked at the objections,

12     and your objections are being maintained to all of the

13     paragraphs that the Court has not previously indicated it would

14     not consider.

15          So 34 through 40 we have already said we would not

16     consider, but the rest of your paragraphs, you maintain those

17     factual objections?

18          MR. SARCONE:  That is correct, Your Honor.

19          THE COURT:  Okay.  Thank you.

20          Mr. Collins, I want to talk to you about the report

21     and the position that your attorney has taken.  First,

22     Mr. Sarcone has explained to me how you all went about

23     reviewing this document.

24          Do you recall going over the presentence investigation

25     report with your attorney as he described?

1          THE DEFENDANT:  During the video visit?

2          THE COURT:  Yes.

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  And have you had a full and fair

5    opportunity to review the material contained in the report?

6          THE DEFENDANT:  I mean, because of the video visit, I

7    couldn't physically see it, so I've got to rely on him as to

8    what he's telling me.

9          THE COURT:  Do you need extra time to review the

10   presentence investigation report, sir?

11         THE DEFENDANT:  Probably so, yes, ma'am.

12         THE COURT:  Okay.  I note that the substantive portion

13   of the report was unchanged from last time.  There was no

14   change to any of the paragraphs, so the record should reflect

15   that the -- to the extent that there has not been specific time

16   allocated to this sentencing, it is the identical document

17   except for the scoring, is my understanding, from the last

18   version.

19         Do you agree with that, Mr. Sarcone?

20         MR. SARCONE:  I agree with that, Your Honor.

21         THE COURT:  Mr. Collins, take the time you need to

22   read the document, please.

23         (Brief break in the proceedings.)

24         MR. SARCONE:  Thank you, Your Honor.  We're ready to

25   proceed.

1          THE COURT:  Mr. Collins, have you had the opportunity

2     to review the presentence investigation report?

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  And have you had adequate time?

5          THE DEFENDANT:  Yes, ma'am.

6          THE COURT:  After that review, Mr. Sarcone has

7     maintained certain factual objections to the report, and those

8     were in his sentencing brief at pages 2 and 3.

9          Setting aside those objections, Mr. Sarcone has

10    indicated to me that the report is otherwise factually accurate

11    or correct.

12          Do you understand that, sir?

13          THE DEFENDANT:  Yes, ma'am.

14          THE COURT:  Do you agree that other than the objected

15    to portions highlighted by your attorney, the report is

16    factually accurate or correct?

17          THE DEFENDANT:  Yes, ma'am.

18          THE COURT:  Thank you.

19          Based upon that record, the Court will rely upon the

20    unobjected to factual information contained in the presentence

21    investigation report for purposes of determining the

22    appropriate sentence to impose in this case.

23          So that leaves -- setting aside paragraphs 34 through

24    40, which the Court has indicated it will not consider, that

25    least the specific factual objections to paragraphs 24, 25, 26,

1   29, 30, and 32.

2   　　　The Government provided the exhibits ahead of time in

3   regards to these substantive issues.

4   　　　Ms. Jennings, do you want to put on any additional

5   evidence as to the factual accuracy of the contested portions

6   of the presentence investigation report?

7   　　　MS. JENNINGS:  No, Your Honor.  The Government would

8   rest on its briefing and the exhibits.

9   　　　For the record, I believe that paragraph 33 is also

10  contested.

11  　　　THE COURT:  Oh, 33 as well.  I apologize.

12  　　　Mr. Sarcone, did you want to put on any in regards to

13  the contested paragraphs, understanding that the Government

14  bears the burden of proof by a preponderance?

15  　　　MR. SARCONE:  Yes, Your Honor, and I do not want to

16  put on any evidence.  Thank you.

17  　　　THE COURT:  Ms. Jennings, I've read your briefing and

18  your arguments.  Do you want to be heard on the issues?

19  　　　MS. JENNINGS:  The Government rests on its brief,

20  Your Honor.

21  　　　THE COURT:  Mr. Sarcone, would you like to be heard?

22  　　　MR. SARCONE:  No, Your Honor.

23  　　　THE COURT:  Okay.  So the question here is whether or

24  not the Government has established by a preponderance of the

25  evidence the contested facts set forth in the named paragraphs.

1          I have read the transcripts provided by the Government

2     and the related investigative interviews regarding each and

3     every one of those contested issues.  The evidence presented by

4     the Government more than sufficiently supports each of those

5     contested facts.

6          Going through each one, paragraph 24, the second and

7     third sentences, the evidence in regards to both Minor Victim

8     B's statements and -- I believe she's identified as Victim 1,

9     S.M.

10         Is that the same person, Ms. Jennings?  Am I saying

11    that correctly?

12         MS. JENNINGS:  There's Minor Victim B, and there's

13    Victim 1 whose initials are N.L.

14         THE COURT:  Oh, N.L.

15         MS. JENNINGS:  And then there's S.M.

16         THE COURT:  I'm sorry.  So the testimony the Court

17    reviewed of S.M., of Minor Victim B, and of Victim 1, who is

18    N.L., supports this information and the defendant's actual

19    knowledge of the defendant's -- actual knowledge by the

20    defendant of Minor Victim B's age.

21         The statements were consistent in meaningful ways, and

22    the defendant's own statements, as referred to by S.M., were

23    also indicative -- while not consistent with the other

24    statements in that it was somewhat farcical to think about

25    someone dropping a school ID in the car, it was consistent with

1   his knowledge of the age of Minor Victim B, and so the

2   objection to paragraph 24 is overruled.

3          Similarly, the text messages objected to in paragraph

4   25, the actual text messages were provided by the Government.

5   I have reviewed those text messages.  I also have reviewed the

6   statements by Minor Victim B in regards to her interactions

7   with the defendant.

8          And, for all of those reasons, that evidence supports

9   far beyond a preponderance that the defendant sent these text

10  messages to Minor Victim B in an attempt to engage her in

11  commercial sex acts with others for financial gain.

12         To the extent that the objection is still maintained

13  as to paragraph 26, the Government clarified in its materials

14  that that paragraph deals with him arranging commercial sex

15  acts for himself with Victim 1 and Minor Victim B on his phone

16  and through Facebook Messenger, and the evidence overwhelmingly

17  supports that paragraph.

18         Paragraph 29, the objection is to the third sentence,

19  and that goes back to the knowledge issue.  I had mentioned

20  previously about the dropped school identification card.  While

21  that story does not ring true, the fact that he said that

22  indicates both his -- I credit S.M.'s reporting of him saying

23  that, and that also supports the knowledge of the age of Minor

24  Victim B.

25         The objection to 30 -- and this is in regards to the

1    last two sentences with what Minor Victim B reported S.M. told

2    her -- the Court finds her statements in that regard compelling

3    in the materials provided by the Government in terms of her

4    interview statement and her grand jury transcript.

5             I also note that the comments made by S.M. in regards

6    to her interactions with Minor Victim B further supports those

7    reports.

8             Paragraph 32, the objection is to the quote, and,

9    again, the Court finds that quote attributed to Collins in

10   regards to the threat to Minor Victim B that she would be the

11   next victim, using another individual, S.M.'s, first and last

12   name, is supported by the record, including the statements made

13   by Minor Victim B and the fact that the defendant sent her a

14   copy of the documents in regards to the protective order

15   against him for S.M.

16            The Court also credits Minor Victim B's statements

17   that she fled from the residence at about 3:30 in the morning

18   after she was attacked by the defendant.

19            33, the objection is to the entirety of the facts.

20   The Court notes that, again, this material is based upon

21   statements made by Minor Victim B.  The Court has reviewed that

22   testimony and finds it compelling, relies upon those

23   statements, and overrules the objection.  The Court finds that

24   the entirety of paragraph 33 is supported by Minor Victim B's

25   statements.

1    Looking through the totality of the evidence, the

2    Court finds Minor Victim B to be credible.  She regularly says

3    things that are not in her favor, regularly says things that do

4    not appear to be embellished in any way, and that gives greater

5    credence to the facts that are, in fact, acknowledged in terms

6    of the defendant's actions.

7    N.L., Minor Victim 1, and -- excuse me -- Victim 1 and

8    Minor Victim B, both of their statements corroborate each other

9    in a manner that gives the Court further confidence in their

10   accuracy.

11   Any additional record in regards to those factual

12   objections on behalf of the Government?

13   MS. JENNINGS:  No, Your Honor.

14   THE COURT:  On behalf of the defense?

15   MR. SARCONE:  No, Your Honor.

16   THE COURT:  The paragraph 145 objection, you

17   acknowledge that that's what was put in the petition.  No other

18   admission is made; correct?

19   MR. SARCONE:  Yes, Your Honor.

20   THE COURT:  Do you believe any other ruling from the

21   Court is necessary?

22   MR. SARCONE:  I do not, Your Honor.

23   THE COURT:  Thank you.

24   Okay.  So the Court will consider the entirety of the

25   offense conduct statement, consistent with the objections

1    overruled in this case.

2          That brings us to a discussion of the advisory

3    guideline calculation.  As we know, the United States

4    Sentencing Guidelines are advisory, and the Court treats them

5    as such.

6          Here the offense level computation is set forth

7    beginning on page 12 at paragraph 48.  The base offense level

8    for this offense is a 30.  49 is omitted.  There is a two-level

9    upward adjustment in paragraph 50 because the defendant used an

10   interactive computer service or a phone to commit this offense.

11   There is a two-level upward adjustment in paragraph 51 because

12   the offense involved the commission of a sex act.

13          That results in an adjusted offense level of 34.

14   There are two levels off for acceptance of responsibility.

15          I assume the Government moves for the third?

16          MS. JENNINGS:  Yes, Your Honor.

17          THE COURT:  The Court grants that motion.

18          That results in a total offense level of 31.  The

19   defendant is a criminal history category VI.  That results in

20   an advisory guideline range of between 188 to 235 months.

21          The fine is recommended at $30,000 to $300,000.

22   Supervised release is recommended at the minimum of five years

23   and up to life imprisonment.  Probation is not an option for

24   this defendant under the statute.  And then, of course,

25   restitution is at issue as well, and the Court will impose the

1     $100 special assessment.

2           What's the Government's position on indigency as to

3     the JVAA and AVAA?

4           MS. JENNINGS:  The Government is not seeking those

5     assessments, Your Honor.

6           THE COURT:  Thank you.

7           Any objection to those guideline calculations on

8     behalf of the Government?

9           MS. JENNINGS:  No, Your Honor.

10          THE COURT:  On behalf of the defense?

11          MR. SARCONE:  No, Your Honor.

12          THE COURT:  I don't believe either party sought a

13    traditional departure; correct?

14          MS. JENNINGS:  That's correct, Your Honor.

15          MR. SARCONE:  Correct.

16          THE COURT:  That brings us to the ultimate question in

17    the case, which is the appropriate disposition.  I've noted

18    I've already read Government's Exhibits 1 through 8.

19          Any additional evidence as to disposition from the

20    Government?

21          MS. JENNINGS:  No, Your Honor.

22          THE COURT:  Any evidence as to disposition for the

23    defense?

24          MR. SARCONE:  No evidence, Your Honor.

25          THE COURT:  Would you like to be heard by way of

1  argument, Mr. Sarcone?

2          MR. SARCONE:  Thank you, Your Honor.

3          Your Honor, I think I have laid forth most of my

4  arguments as set forth in my brief.  I don't have much to add

5  to that.  I do believe Mr. Collins will have a statement for

6  the Court.

7          THE COURT:  Thank you.

8          Mr. Collins, now is the time during the hearing where

9  you have the opportunity to speak.  You do not have to say

10  anything, but if you would like to, the Court will consider it.

11          Is there anything you would like to say, sir?

12          THE DEFENDANT:  Yes, ma'am.

13          THE COURT:  You may proceed.

14          THE DEFENDANT:  I noticed the objections, and it

15  basically says all the things that I feel, like, that's, you

16  know, the case -- it's not right.  And Mr. Sarcone, he did put

17  up objections, but some of these can be proved.  I understand

18  that as far as the objections to the phone call, I don't know

19  exactly what number it is, but the whole reason I made the

20  phone call is because you said that -- you said that it was

21  consistent -- that Victim 1 and Minor Victim B's statements was

22  consistent.  Well, Victim 1, which was not even victimized by

23  anybody -- I don't even know why she is considered as Victim 1

24  in the first place on this charge, but...

25          There's a lot of objections, like I said, that my

1    attorney made, like, that can be proved to be true.  Like, I

2    have phone calls -- recorded phone calls that nobody never

3    reviewed, and that was the whole reason why the phone calls was

4    made.

5              Victim 1 encouraged me to call her in the first place.

6    She had contact with me too.

7              (Discussion off the record between counsel and the

8    defendant.)

9              THE DEFENDANT:  Your Honor, there's a lot that didn't

10   go right as far as the conduct statement.  You have an

11   assistant attorney that's not even here that drew up the first

12   conduct statement, and it's basically the same thing.  I mean,

13   I've also -- face-to-face, I've talked to this assistant

14   attorney.  I informed her about the phone calls myself and told

15   her that she can rely on them, what was said in discovery or

16   whatever.  The so-called witness is saying something totally

17   different and encouraging me to call her.

18             THE COURT:  One moment, Mr. Collins.

19             Mr. Sarcone, I want to make sure that we're not

20   talking about phone calls that are outside of what I'm

21   considering because, as I said and as the Eighth Circuit

22   directed, I'm not considering any of the information that

23   occurred pre plea in this case.  And there are a number of

24   photographs that deal with those phone calls.  I don't know

25   which phone calls specifically Mr. Collins is referring to, and

1    I want to make sure the record is clear.

2           MR. SARCONE:  Your Honor, I'm not entirely certain.

3    May I have a moment?

4           THE COURT:  Of course.

5           (Discussion off the record between counsel and the

6    defendant.)

7           MR. SARCONE:  Your Honor, I think that -- I'm still

8    not entirely sure.  I don't think that the phone calls were

9    those phone calls, but Mr. Collins, I think, is going to

10   clarify things.

11          THE COURT:  Thank you.

12          Mr. Collins, the reason why I ask is I need to make

13   sure that I follow what the court above me said in regards to

14   this case, and there are certain phone calls that they said

15   that the Government was not permitted to be relying upon.

16          And so when you're -- you can say whatever you wish

17   during allocution, but I want to make sure that I'm not hearing

18   things that I'm not supposed to be considering.

19          Do you understand that?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  Okay.  Go ahead.

22          THE DEFENDANT:  So, Your Honor, I believe that the

23   objections that were admitted could have been very well proven.

24   There is evidence out there that would have been consistent

25   with the objections, basically.

1          THE COURT:  Thank you.

2          Anything else you would like to say, Mr. Collins?

3          THE DEFENDANT:  No, ma'am.

4          THE COURT:  Thank you.

5          On behalf of the United States.

6          MS. JENNINGS:  In this case, the Government is seeking

7     a sentence at the top of the guideline range, which is 235

8     months of imprisonment.  A sentence at the top of the guideline

9     range in this case is necessary and sufficient to hold the

10    defendant accountable for the conduct of this case.

11          There are several serious aggravating factors that are

12    before the Court, the first of which is the nature and

13    circumstances of this offense.  This is a defendant who had sex

14    with a minor in exchange for money himself repeatedly.  After

15    he had knowledge that the person was underage, he continued to

16    engage in sexual acts with that person, and he provided drugs,

17    in addition, to that person as well.

18          His conduct did not stop there.  As the Government has

19    proven through its exhibits, the defendant attempted to have

20    the minor victim meet with other people for commercial sex acts

21    as well.  This is a further victimization by the minor in this

22    case by the defendant, and it was a further victimization so

23    the defendant could profit off of the abuse of this person.

24          THE COURT:  To be clear, you are not contending that

25    he was successful in Minor Victim B perform commercial sex acts

1   for others for him?

2          MS. JENNINGS:  Absolutely, Your Honor.  We are not

3   contending that he was successful, but his messages bear out

4   that he was certainly trying to elicit -- excuse me -- solicit

5   Minor Victim B to engage in commercial sex acts, which the

6   Government finds to be an aggravating factor on top of his own

7   sexual interactions with a person he knew to be a minor.

8          On top of that, the defendant threatened this minor

9   about her family, about herself, attempted to choke her, and

10  also used his abuse of another person in this case, S.M., as a

11  way to threaten this particular minor victim.

12         This is a very serious offense, and the actions that

13  this defendant took demonstrate that he is a threat to the

14  community.

15         The second aggravating factor we have in this case,

16  Your Honor, is the defendant's criminal history.  The

17  defendant's criminal history is remarkable.  This is a criminal

18  history that involves serious assaults against -- assaultive

19  behavior that resulted in seven convictions, based on the

20  Government's count, with seven different victims.  And the

21  Government has set forth a discussion of those on pages 6

22  through 8 of its sentencing memoranda, and the Government

23  understands the Court has read all of that material, but these

24  are particularly horrific offenses.

25         The defendant's assault of S.M. is now final.  He's

1   been convicted of that offense, which is a difference in the

2   status of that conviction from the last time, and that offense

3   was horrifying.  He strangled the victim, attempted to hold her

4   underwater, punched her, beat her with a broom handle and a

5   belt, shoved a gun into her ribs.  He did all this while the

6   infant son was in the next room, and this is the assault that

7   the defendant was referring to when he threatened Minor Victim

8   B in this case.  This is a particularly aggravating factor in

9   this case.

10          But what is something the Court must consider in this

11  case very heavily is the fact that this is just one of an

12  established history of repetitive violence against women.  By

13  the Government's count, there is six more victims in this PSR,

14  and the Government has set that out in the sentencing

15  memorandum.

16          The defendant's serious criminal conduct is not

17  limited to this type of behavior.  He also has several felony

18  drug convictions.  In the Government's count, he has three

19  felony drug convictions, paragraphs 66, 73, and 75, and that he

20  has also demonstrated a repetitive return to drug dealing after

21  getting in trouble for that.

22          Additionally, guns are a part of his criminal history,

23  and they are part of the information that he shared with Minor

24  Victim B in this case as well.

25          These are the facts and circumstances and the history

 1   and characteristics of a defendant that warrants the

 2   Government's recommendation of a sentence at the top of the

 3   guideline range.  These are Section 3553(a) factors that the

 4   Government takes into account when making a recommendation to

 5   the Court and that the Government asks the Court to consider

 6   when looking at a sentence that is sufficient but not greater

 7   than necessary.

 8          The Government believes that it is necessary to give a

 9   sentence at the top of the range in order to provide just

10   punishment and to protect the public from further crimes by

11   this defendant and based on the nature and circumstances of

12   this offense as well as the defendant's criminal history.  The

13   record here is replete with reasons why a sentence at the top

14   of the range is necessary in this case, Your Honor.

15          THE COURT:  Thank you.

16          This is a victim case.  There are -- I have received

17   the materials related to restitution.  Before I pronounced

18   sentence, I wanted to ask if there are any specific victim

19   statements that the Court was -- should be brought to the

20   Court's attention at this time?

21          MS. JENNINGS:  No, Your Honor.  Thank you.

22          THE COURT:  The Court is required to consider a number

23   of factors before deciding on an appropriate sentence in this

24   and every case, and those factors are set forth in Title 18,

25   United States Code, Section 3553(a).  They include the

1   defendant's history and characteristics and the nature and

2   circumstances of the offense.

3        The Court must also consider the need for the sentence

4   imposed to reflect the seriousness of the offense, to promote

5   respect for the law, to provide just punishment, and to

6   adequately deter future criminal conduct, both for this

7   defendant and for others who might contemplate committing such

8   an offense in the future.

9        The Court has to consider the need for the sentence

10  imposed to protect the public and to provide the defendant with

11  educational training or other needs in the most effective

12  manner.

13       The Court has to consider the guidelines and the

14  advice they provide as well as the need to avoid unwarranted

15  sentencing disparities among defendants with similar records

16  who have been found guilty of similar conduct.

17       The Court also must consider the need to provide

18  restitution as well.

19       I may not talk about each one of the statutory

20  considerations specifically in articulating the reasoning for

21  my sentence, but in determining the appropriate sentence to

22  impose, I have considered each and every one of them.

23       Ultimately, the sentence the Court imposes must be

24  sufficient but not greater than necessary to serve the purposes

25  of sentencing.

1          The aggravating factors here are the nature and

2    circumstances of the offense.  In addition to the defendant's

3    violent criminal history, the aggravators here have been well

4    outlined by the Government in their written materials.

5          But the number of individuals that the defendant

6    harmed during the course of this conduct, the communications

7    with Minor Victim B to attempt to influence her to engage in

8    commercial sex acts with others for his benefit, the number of

9    times that the defendant engaged in sex acts with Minor Victim

10   B knowing that she was 15 years old, all of these are

11   aggravating factors.

12         The defendant's violence towards Minor Victim B is

13   also an aggravating factor.  The Court credits, as I previously

14   said, the statements in regards to his attempts to choke her,

15   the minor having to flee from the residence at 3:30 in the

16   morning, and threatening her using his assault against another

17   woman as an intimidation factor.  This is very serious conduct

18   with great harm to multiple individuals.

19         The history and characteristics of the defendant are

20   also aggravating in many respects.  The defendant is a criminal

21   history category VI with 15 criminal history points, many of

22   which arise from violent activity, including prior domestic

23   assaults.

24         Paragraph 79a is the most recent domestic assault

25   involving S.M.  Paragraph 72, domestic assault causing bodily

1    injury.  Paragraph 70.  Paragraph 69 was an assault on law

2    enforcement.  Paragraph 67.  Paragraph 65.

3         There is a steady pattern of conduct of assault and

4    violence by this defendant which is of concern to the Court in

5    terms of protecting the public.

6         The defendant also has a criminal history that

7    establishes a regular engagement with drug trafficking, as do

8    the facts of this case where the defendant distributed drugs to

9    Minor Victim B as part of his compensation to her for

10   performing sex acts.

11        The defendant had a challenging childhood.  That is

12   documented in the presentence investigation report as well.

13   The Court notes that.

14        The Court has also some concerns about the presence of

15   firearms in the defendant's past as well.

16        The defendant's substance abuse dates back to 2006 and

17   has involved the use of alcohol and marijuana throughout his

18   adult life.  The defendant has little employment history

19   documented in the report, and that is of concern as well.

20        Counsel, do you know of any legal reason why the Court

21   should not impose sentence at this time?

22        MS. JENNINGS:  No, Your Honor.

23        MR. SARCONE:  No, Your Honor.

24        THE COURT:  So based upon the Court's review of the

25   criteria set forth in Title 18, United States Code, Section

1   3553(a), and the reasons I've stated, it is the judgment of the

2   Court that the defendant, Tommy Tate Collins, is sentenced to

3   228 months of imprisonment.

4          That sentence is within the advisory guideline range

5   and is imposed for the reasons I have previously stated.  It's

6   in the middle of the range factoring in the mitigating factors

7   that have been highlighted by the defense, including the

8   defendant's history of abuse -- or challenges as a child and

9   otherwise difficult circumstances in his upbringing.

10          I note that I have not sentenced lower in the

11   guideline range or varied downward because of the extreme

12   aggravating nature of the offense itself and the Court's

13   concern about the pattern of behavior in this case, including

14   multiple instances of domestic violence in his criminal

15   history, multiple instances of violence during the course of

16   this conduct, and the need to protect the public is at the

17   forefront of the Court's concern.

18          I recognize my authority to vary downward to the

19   120-month mandatory minimum or to vary upward to that life

20   imprisonment that's authorized by statute, and having

21   considered all of the statutory sentencing options available to

22   me, I have concluded that 228-month term is sufficient but not

23   greater than necessary to serve the purposes of sentencing.

24          I do not impose a fine, finding that the defendant

25   does not have the reasonable ability to pay a fine.

1          I also do not impose the JVAA or AVAA assessments, to

2     the extent they're applicable, because I find that the

3     defendant is indigent.

4          I have read the materials in regards to restitution.

5          Does the Government wish to be heard in that regard?

6          MS. JENNINGS:  The Government rests, Your Honor, on

7     its briefing.

8          THE COURT:  Mr. Sarcone, I don't believe you addressed

9     restitution.  I know that it's covered in the plea agreement

10    that the Court should impose reasonable restitution consistent

11    with the record made.

12         Would you like to be heard further on that issue?

13         MR. SARCONE:  No, Your Honor.

14         THE COURT:  So consistent with the material that's

15    been provided by the Government, the Court does impose

16    restitution in this case consistent with 18, United States

17    Code, Section 1593(b)(3) and 18, United States Code, Section

18    2259(c)(2) as well.

19         The Court considers *United States v. Palmer* and the

20    information in the Government's exhibits to demonstrate that an

21    amount of restitution of $40,800 joint and several with the

22    other co-defendants in this case, including Defendants

23    Patterson, Price, Streb, and West, is supported in the record.

24         Any additional record in that regard?

25         MS. JENNINGS:  No, Your Honor.

1          MR. SARCONE:  No, Your Honor.

2          THE COURT:  The Court waives interest on the

3    restitution.

4          I do impose the $100 special assessment due and

5    payable immediately without interest to the United States Clerk

6    of Court for the Southern District of Iowa.

7          In addition to the term of imprisonment, the Court

8    will also impose a ten-year term of supervised release.

9          Mr. Collins, within 72 hours of your release from the

10   custody of the Bureau of Prisons, you'll be required to report

11   in person to the probation office in the district to which you

12   are released.

13         While on supervised release, you shall not commit

14   another state, federal, or local crime; you shall not

15   unlawfully possess a controlled substance; and you shall not

16   unlawfully use a controlled substance.

17         You'll be subject to at least one drug test within

18   15 days of your release and at least two more thereafter.

19         And you must cooperate in the collection of DNA.

20         You are a felon.  You cannot possess a firearm,

21   destructive device, or ammunition either during your term of

22   supervised release or at any time thereafter.

23         And you must cooperate in the collection of DNA.

24         You have to abide by the standard conditions of

25   supervised release that have been set forth by the

1   United States Sentencing Commission, and those will be

2   reflected in the written judgment entered here today, as well

3   as the special conditions of supervised release that were

4   proposed in the presentence investigation report and were

5   unobjected to by the defense.

6        I will briefly summarize those for you now, sir.  You

7   should note that they will be implemented and enforced in full

8   as written.  They're in part G of the report beginning at

9   paragraph 198.

10        First, you'll be required to participate and follow

11   the rules of a sex offense specific treatment program as

12   directed by the U.S. Probation Office, as reflected in

13   paragraph 198a.  That will include periodic polygraph testing

14   as set forth in that paragraph.

15        You must comply with all sex offender laws for the

16   state in which you reside and must register with the local

17   sheriff's office within the applicable time frame.

18        You must refrain from associating with anyone engaged

19   in the exploitation of minors whether known or unknown to

20   local, state, or federal law enforcement.

21        You must not associate with any prostitutes or anyone

22   you should reasonably know to be a prostitute or places where

23   prostitution is a known activity.

24        You must not frequent a hotel, motel, or other

25   commercial establishment that offers temporary lodging without

1    the written permission of the U.S. Probation Office.

2            You must not have any direct contact -- personal,

3    electronic, mail, or otherwise -- with any child you know or

4    reasonably should know to be under the age of 18.  You must not

5    contact the victims, including S.M., Victim 1, and Minor Victim

6    B, nor any family members, without the prior permission of the

7    U.S. Probation Office.

8            You must participate in cognitive behavioral

9    treatment, you must participant in an approved program for

10   domestic violence, and you must participate in a program of

11   testing and treatment for substance abuse.  In furtherance of

12   that treatment, you must refrain from the use of alcohol or any

13   other intoxicants.

14           You must pay restitution in the amount I have ordered

15   of $40,800 to Minor Victim B, joint and several with your

16   co-defendants, as I have stated, and you will work with the

17   probation office while you're on supervision to make a monthly

18   payment plan approved by the Court in furtherance of paying off

19   that restitution.

20           While restitution is owed, you have to provide

21   complete access to your financial information to the probation

22   office, and you must not apply for any debt or incur any

23   credit, lines of credit, without the permission of the

24   probation office.

25           You'll be subject to a search condition, and that

1    search condition can be effectuated with or without the

2    assistance of law enforcement, including the United States

3    Marshals Service.

4         The other mandatory condition that we'll impose is

5    that -- that will be imposed is that you must comply with the

6    requirements of the Sex Offender Registration and Notification

7    Act as directed by the probation officer, the Bureau of

8    Prisons, or any state sex offender registration agency in which

9    you reside, work, are a student, or are convicted of a

10   qualifying offense.

11        Both the length of the term of supervision and the

12   conditions I have imposed are based upon an individualized and

13   particularized assessment of this defendant's supervision needs

14   after reviewing and considering each of the relevant factors

15   under 18, United States Code, Sections 3553(a) and 3563(b).

16        Mr. Sarcone, any requests as to designation or

17   programming?

18        MR. SARCONE:  Your Honor, as far as placement goes, he

19   requests he be placed as close to Illinois as possible.

20        THE COURT:  In or near the state of Illinois.  Is that

21   acceptable?

22        MR. SARCONE:  Yes, Your Honor.  Pekin specifically,

23   Your Honor.

24        THE COURT:  So the Court will recommend that the

25   defendant be designated to the facility in Pekin, Illinois, if

1  available; otherwise, as close to the state of Illinois as

2  possible.

3          MR. SARCONE:  And programming requests, Your Honor, he

4  would like to be in the electrical or welding trades.

5          THE COURT:  Thank you.  And we'll make that

6  recommendation.

7          In light of the role of controlled substances in this

8  offense and the defendant's criminal history, any objection to

9  the Court recommending he be provided the opportunity to

10  participate in the 500-hour residential drug abuse treatment

11  program or any other substance abuse treatment program?

12          MR. SARCONE:  No objection, Your Honor.

13          THE COURT:  So the Court will include that

14  recommendation as well.

15          Forfeiture as to this defendant?

16          MS. JENNINGS:  No, Your Honor.

17          THE COURT:  Counts to dismissed?

18          MS. JENNINGS:  The Government moves to dismiss Counts

19  21 and 22.

20          THE COURT:  Counts 21 and 22 are dismissed.

21          Mr. Collins, you do have the right to appeal the

22  sentence that I have just imposed.  If you wish to pursue an

23  appeal, you must file a written notice of appeal within 14 days

24  of the entry of the judgment.

25          Do you understand the time limit for filing a notice

1  of appeal, sir?

2          THE DEFENDANT:  Yes, ma'am.

3          THE COURT:  In addition, if you wish to pursue an

4  appeal and you cannot afford an attorney, one can be appointed

5  to represent you.  You can also have transcripts of this or any

6  other relevant proceedings made at no cost to you in

7  furtherance of your appeal if you qualify financially.

8          Do you understand your appeal rights, sir?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  Counsel, any matters I failed to address?

11          MS. JENNINGS:  No, Your Honor.

12          MR. SARCONE:  No, Your Honor.

13          THE COURT:  Anything further on behalf of the

14  Government?

15          MS. JENNINGS:  No, Your Honor.

16          THE COURT:  On behalf of the defense?

17          MR. SARCONE:  No, Your Honor.

18          THE COURT:  The defendant is committed to the custody

19  of the United States Marshals Service for transportation to the

20  designated Bureau of Prisons facility.

21          Mr. Collins, I wish you the best moving forward, sir.

22          That will conclude the hearing.

23          (The sentencing concluded at 2:30 p.m.)

24

25

1                          CERTIFICATE

2              I, Chelsey Wheeler, a Certified Shorthand Reporter of

3     the State of Iowa and Federal Official Realtime Court Reporter

4     in and for the United States District Court for the Southern

5     District of Iowa, do hereby certify, pursuant to Title 28,

6     United States Code, Section 753, that the foregoing is a true

7     and correct transcript of the stenographically reported

8     proceedings held in the above-titled matter and that the

9     transcript page format is in conformance with the regulation of

10    the Judicial Conference of the United States.

11             DATED this 17th day of October 2022.

12

13                      /s/ *Chelsey Wheeler*

14                      Chelsey Wheeler
                        Certified Shorthand Reporter
15

16

17

18

19

20

21

22

23

24

25